J-S09023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLIFFORD WAY | : | |
| | : | |
| Appellant | : | No. 859 EDA 2020 |

Appeal from the PCRA Order Entered February 24, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0708111-2006

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

JUDGMENT ORDER BY McCAFFERY, J.:          **FILED : JUNE 14, 2021**

Appellant, Clifford Way, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We vacate and remand for further proceedings.

On February 28, 2019, a prior panel of this Court remanded this matter to the PCRA court "to conduct an evidentiary hearing to render the necessary findings of fact with respect to the merits, if any, of Appellant's [Pa.R.Crim.P.] 600 claim."  **Commonwealth v. Way**, 239 EDA 2018 (unpub. memo. at 8) (Pa. Super. Feb. 28, 2019).  We also directed the PCRA court to review the docket and attribute the time for each listing.  **Id.**

Although the PCRA court has filed an opinion, it did not hold a hearing at which testimony and other evidence might be admitted and examined regarding **both** delay attribution and the Commonwealth's diligence in

bringing the case to trial. The notes of testimony reflect, rather, that it had a listing on January 27, 2020, at which only the Commonwealth was present, and although the PCRA court referred to "additional documentation" in the remarks made at that listing, submission of such documentation is not the same as a factual hearing with witnesses, evidence, and cross-examination. *See* N.T., 1/27/20, at 4.

We therefore must remand, to give the PCRA court another opportunity to comply with our memorandum and order of February 28, 2019, which we incorporate herein. Appellant must be present and permitted to consult with counsel. Prior to the hearing, Appellant's counsel should consult with the Commonwealth to reach an agreement to the broadest extent possible as to the timeline, thus narrowing the dispute before the PCRA court. If necessary, the testimony of Appellant's trial counsel should be secured. It may be that the result will be the same as what is reflected in the PCRA court's most recent opinion in this matter, but this Court directed that a hearing, and not a listing, be held on Appellant's ineffectiveness claim regarding Rule 600 and his speedy trial rights. That is what must happen.[1]

Order vacated. Case remanded for proceedings consistent with this judgment order. Jurisdiction relinquished.

---

[1] As we must remand for further proceedings, we need not address Appellant's claim of trial counsel ineffectiveness regarding an excessive sentence claim.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/14/21